NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1484


In re:  MERCEDES-BENZ EMISSIONS LITIGATION


ULYANA LYNEVYCH; JOHN LINGUA; JIMMY BIRD; JONATHAN MOSE;
ARTHUR DASCHKE; RICHARD YANUS; WALTER LOUIS; KEITH CANIERO;
CAROLINE A. LEDLIE; CHANDRAKANT PATEL; TIFFANY KNIGHT; SUSAN
ALBERS; CRAIG THORSON; SHELBY A. JORDAN; GWENDOLYN ANDARY;
SCOTT MORGAN; HENRY SILVERIO; DEDRICK WATKINS; TERRENCE
GARMEY; WENDELL DINGLE; SEID DILGISIC; JORGE SALVADOR SERVIN;
ANDREW DEUTSCH; DEVIN DOWNS; FREDDIE T. HOLBROOK; GEOFFREY C.
CUNNINGHAM; BILLY FOX; LORRIE VIDAL; JAMES EDWARDS; SHEILA
REED; ZBIGNIEW KURZAWA; JANICE SHEEHY; BRADFORD SMITH;
GUSTAVO FRAGA-ERRECART; ROBERT TREPPER; JAMES SCHAFER;
VINCENT MINERVA; HENRY SILVERADO; JEFF FINDLAY; ANDREW H.
RUBEY; CHRISTOPHER GATES; DARRELL FELLER; STEPHEN CARROLL;
DAVID I. ASHCRAFT; LARS DANNENBERG; ADRIAN CLIVE ROBERTS;
RANDOLPH ROLLE; GINA MCVEY; ANTHONY CAPUTO; CATHERINE
ROBERTS; KEITH HALL; FLAVIO MOY; A. ERIC NGWASHI; BOBBY
HAMILTON; MARYANA MELNYK; PAUL HERRMANN; LYNN DOHERTY
MUNOE; BRENDA ONEAL; CHARLES WOLFORD; THOMAS WEISS; JOHN
LAURINO; ANDREW DEUTSCH; MICHAEL MEDLER; DR. GREGORY CHAN;
LARS DANNBERG; HASSAN ZAVAREEI, on behalf of himself and all others
similarly situated; HAGOP BAZRGANIAN; ROBERT GERSHBERG; MELANIE
JOHNSON; DEREK STEELBERG


v.


MERCEDES-BENZ USA, LLC, A Delaware Limited Liability Company; DAIMLER
AG; ROBERT BOSCH LLC; ROBERT BOSCH GMBH; DAIMLER TRUCKS NORTH
AMERICA LLC; DETROIT DIESEL CORPORATION; DAIMLER VANS USA, LLC;
DAIMLER VEHICLE INNOVATIONS, LLC, a New Jersey Limited Liability Company;
DAIMLER NORTH AMERICA CORPORATION, a New Jersey Corporation;
CALSTAR MOTORS, a Mercedes Benz Dealer; CARRIE KENNY, an individual;
DOES 1 through 100, inclusive

MERCEDES-BENZ USA, LLC, and DAIMLER AG,
                                              Appellants

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:16-cv-881)
District Judge: Honorable Jose L. Linares
_____

Argued October 30, 2019

Before:  HARDIMAN, PHIPPS, and NYGAARD, *Circuit Judges*.

(Filed: January 10, 2020)

Matthew J. Kemner
Troy M. Yoshino
Squire Patton Boggs
275 Battery Street
Suite 2600
San Francisco, CA 94111

Daniel W. Nelson
Lucas C. Townsend          **[ARGUED]**
Gibson Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, DC 20036
        *Counsel for Appellants Mercedes Benz USA, LLC, and Daimler AG*

James E. Cecchi
Lindsey H. Taylor
Carella Byrne Cecchi Olsteing Brody & Agnello
5 Becker Farm Road
Roseland, NJ 07068

Steven W. Berman
Hagens Berman Sobol Shapiro
1301 2nd Avenue
Suite 2000
Seattle, WA 98101

Kevin K. Green                    **[ARGUED]**
Hagens Berman Sobol Shapiro
533 F Street
Suite 207
San Diego, CA 92101
         *Counsel for Appellees Gwendolyn Andary and Darrell Feller*

_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

This interlocutory appeal about compelled arbitration arises out of a broader dispute regarding Mercedes BlueTEC diesel vehicles. That wider controversy involves a putative class action of individual buyers who purchased Mercedes BlueTEC diesel vehicles from Mercedes dealerships, believing that those vehicles were 'clean diesel' when allegedly they were not. From those allegations, 60 named plaintiffs bring an array of claims as a nationwide class for violations of federal law and as thirty-three subclasses for violations of various state laws. Those claims are directed not against the dealerships but rather against two manufacturers, Mercedes-Benz USA, LLC and Daimler AG, as well as their software suppliers. The two manufacturer defendants, the 'Mercedes Manufacturers,' moved to dismiss the initial complaint, and that led to several cycles of amended complaints and subsequent motions to dismiss.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Mercedes Manufacturers take this appeal from the District Court's partial denial of their motion to dismiss the Fourth Consolidated and Amended Class Action Complaint. Although that motion presented numerous bases for dismissal, only one of those – the request to compel arbitration – is at issue in this interlocutory appeal. That request to compel arbitration relates to two named plaintiffs, Gwendolyn Andary and Darrell Feller, who purchased vehicles from Mercedes dealerships, one located in California, the other in Virginia. In seeking to compel arbitration, the Mercedes Manufacturers rely on the terms of the purchase agreements between those dealerships and Andary and Feller. But those purchase agreements do not mention the Mercedes Manufacturers, nor are the Mercedes Manufacturers signatories to those agreements. On the briefing before it, the District Court rejected the argument that the purchase agreements compelled Andary and Feller to arbitrate with the Mercedes Manufacturers directly or as third-party beneficiaries. The Mercedes Manufacturers noticed an interlocutory appeal as permitted by the Federal Arbitration Act. *See* 9 U.S.C. § 16(a)(1)(C).

Neither side appears content with the record for this interlocutory appeal. For the first time on appeal, the Mercedes Manufacturers raise a 'gateway' arbitrability defense. Meanwhile, Andary, Feller, and the other named plaintiffs have augmented the District Court docket during the pendency of this appeal. Andary and Feller filed a joint notice of voluntary dismissal under Civil Rule 41 in an attempt to dismiss themselves, without prejudice, as named plaintiffs. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Shortly afterwards, the remaining named plaintiffs filed a Fifth Consolidated and Amended Class Action

4

Complaint, which did not include either Andary or Feller as a named plaintiff.  That amended pleading did, however, define the putative nationwide class and two subclasses such that Andary and Feller would be included as class members.  Based upon those filings, Andary and Feller moved to dismiss this appeal as moot, even though they remain as putative class members under the most recent amended complaint.

From this unusually fluid posture, two central issues emerge on appeal.  First is the question of whether this appeal is moot.  Second is the issue of whether the District Court erred in not compelling Andary or Feller to arbitrate with the Mercedes Manufacturers.  For the reasons set forth below, we hold that this appeal is not moot, and we will vacate the District Court's order in part and remand for the District Court to evaluate the Mercedes Manufacturers' motion to compel arbitration on state-law grounds.

I

The post-appeal filings in the District Court do not moot this appeal.  Once the Mercedes Manufacturers noticed this appeal, jurisdiction over Andary's and Feller's claims was divested from the District Court and vested in this court.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Hudson United Bank v. LiTenda Mort. Corp.*, 142 F.3d 151, 158 (3d Cir. 1998) ("[J]urisdiction that is originally and properly vested in the district court becomes vested in the court of appeals when a notice of appeal is filed."); *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985).  Because the District Court did not retain

jurisdiction over Andary's and Feller's claims, their suit could not be altered through operation of the Civil Rules during the pendency of this appeal. *See generally* Fed. R. Civ. P. 1 (providing that the Civil Rules "govern the procedure in all civil actions and proceedings in the United States *district courts*" (emphasis added)); *cf.* Fed. R. App. P. 42 (providing for the voluntary dismissal of an appeal). But both the notice of voluntary dismissal and the Fifth Consolidated and Amended Class Action Complaint were filed in the District Court while this appeal was pending. Because the District Court did not have jurisdiction over Andary and Feller's suit at those times, neither filing moots this appeal.

Without mootness as a bar, this court has jurisdiction over this appeal. The District Court had jurisdiction over the federal causes of action, *see* 28 U.S.C. § 1331, as well as the related state-law causes of action, *see* 28 U.S.C. §§ 1332, 1367. And under the Federal Arbitration Act, this court has jurisdiction over an interlocutory appeal of the District Court's denial of the Mercedes Manufacturers' motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(C).

## II

The remainder of this appeal focuses on whether the District Court erred by not compelling Andary and Feller to arbitrate with the Mercedes Manufacturers. According to the Mercedes Manufacturers, the purchase agreements between the dealerships and Andary and Feller require arbitration with the Mercedes Manufacturers. But the Mercedes Manufacturers were not signatories to those purchase agreements. And the purchase agreements require arbitration only with the dealerships or specific categories of

6

other entities, such as the dealerships' "employees, agents, successors or assigns." The Mercedes Manufacturers do not contend that they qualify as an employee, agent, successor, or assign of either dealership. Rather, as non-signatories without any express mention in the arbitration clauses, they invoke three legal theories on appeal to compel arbitration: (i) a 'gateway' arbitrability defense; (ii) equitable estoppel; and (iii) a third-party beneficiary theory. But the first of those arguments – 'gateway' arbitrability – was not raised before the District Court and has been forfeited. *See United States v. Jones*, 565 U.S. 400, 413 (2012) (considering an argument not raised below as forfeited); *Freeman v. Pittsburgh Glass Works, LLC,* 709 F.3d 240, 249 (3d Cir. 2013) ("We generally refuse to consider issues that the parties have not raised below."). The remaining two issues have not been forfeited because the District Courted analyzed a third-party beneficiary theory that implicated principles of equitable estoppel.

In evaluating those two arguments, it is necessary at the outset to identify the applicable substantive law. Traditional principles of state law govern arbitration clauses, but it is not clear which state's substantive law should apply here. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009) (looking to state law to determine whether an arbitration clause is enforceable with respect to a third party); *see also In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 519-22 (3d Cir. 2019); *Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 289 (3d Cir. 2017). The lawsuit was filed in New Jersey, yet Andary is a California resident who purchased her car in California, and Feller is a Washington state resident who purchased his car in Virginia. Andary's

purchase agreement indicates that federal law and California law apply, while Feller's purchase agreement has no provision regarding applicable law.

From these facts, a choice-of-law analysis is needed to resolve the question of which state substantive law governs the construction of these arbitration clauses. *See Aliments Krispy Kernels*, 851 F.3d at 289 ("Because we look to applicable state law to determine whether the parties agreed to arbitrate, we begin with a choice-of-law analysis."); *White v. Sunoco, Inc.*, 870 F.3d 257, 263 (3d Cir. 2017). But in advancing their arguments on compelled arbitration, the parties have not provided any choice-of-law analysis on appeal. Nor did the District Court conduct such an analysis.

That is a problem: without a choice-of-law analysis and subsequent application of the appropriate state substantive law, it cannot be conclusively determined whether Andary's and Feller's purchase agreements compel them to arbitrate with the Mercedes Manufacturers. The choice-of-law analysis should have been performed by the District Court. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Freeman*, 709 F.3d at 249 ("We generally refuse to consider issues that the parties have not raised below."); *see also Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 205 (1956) (stating in *dicta* that remand is appropriate when there is a "question in doubt or deserving further canvass" regarding state law governing an arbitration clause). Accordingly, we will vacate the District Court's order and remand this matter to the District Court for consideration of the Mercedes Manufacturers' third-party beneficiary and equitable estoppel arguments under applicable state law.

8